IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN PAUL JOHNSON,

        Petitioner,

v.                                           CASE NO. 19-3109-SAC

STATE OF KANSAS,

        Respondent.

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

The case comes before the Court on petitioner Jonathan Paul Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner proceeds *pro se*. The Court finds that it lacks subject matter jurisdiction over this petition. Moreover, Petitioner has failed to exhaust his state remedies. The petition is therefore subject to dismissal.

**Background**

On July 26, 2016, Petitioner was convicted of three counts of misdemeanor stalking and one count of felony stalking. He was sentenced to 6 months in prison on the felony and 8 months in the county jail for each of the misdemeanor convictions, with the misdemeanor sentences to run consecutively but concurrently with the felony. The district judge then put petitioner on probation from these sentences for 12 months. Mr. Johnson appealed his convictions, and the Kansas Court of Appeals affirmed on April 13, 2018. Petitioner then filed a petition for review in the Kansas Supreme Court, which was denied on October 30, 2018.

1

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Analysis**

   **A. Jurisdiction**

It appears that this Court may not reach the merits of Mr. Johnson's petition because the Court lacks subject matter jurisdiction. Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner seeking habeas relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Habeas relief is generally not available when a petitioner seeks to challenge a prior conviction for which he is no longer "in custody." *See Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001). It appears from the record before the Court that Mr. Johnson has completed his sentence for the 2016 convictions that he challenges here and is no longer incarcerated under those convictions.

A petitioner may be found to be "in custody" for purposes of the habeas corpus act in situations where the petitioner is not physically incarcerated. The custody requirement can be met where there is a severe restraint on a person's liberty imposed because of the individual's criminal conviction. *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973). Hence, courts have found petitioners to be "in custody" when they are on parole or probation, or even released on their own

recognizance pending execution of sentence, due to the significant restraints on liberty. *See id.*; *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992).

However, it appears Mr. Johnson may have completed the probation or work release portion of his sentence as well. If so, this Court does not have jurisdiction to reach the merits of Mr. Johnson's petition because he is not "in custody" under the conviction or sentence he attacks. Petitioner is directed to show cause why his petition should not be dismissed for lack of jurisdiction.

**B. Exhaustion**

If this Court does have subject matter jurisdiction over Mr. Johnson's claims, he faces another obstacle to review. A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court. *See* 28 U.S.C. § 2254(b)(1). Exhaustion requires that a state prisoner give state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019). "A claim is exhausted only after it has been fairly presented to the state court." *Pavatt*, 928 F.3d at 923 (*quoting Simpson v. Carter*, 912 F.3d 542, 564 (10th Cir. 2018)). Petitioner bears the burden of showing exhaustion. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993).

It appears that Petitioner has not raised the issue he raises here in the state courts. Mr. Johnson describes his challenge as follows: "The prosecutor violated my right to an unbiased trial by allowing his witness to lie on the witness stand. The alleged victim Dale Johnson stated that there was no button to block a jailhouse phone call. In the discovery . . . it shows that there is a button to press to block a jailhouse number. The prosecutor was suppose[d] to correct his

3

witness['s] lie." ECF No. 3 at 5. Mr. Johnson states in his petition that he did not raise the issue in his direct appeal because his attorney failed to argue the point. ECF No. 3 at 5.

According to the opinion issued by the Kansas Court of Appeals in Petitioner's direct appeal of his convictions, the issues Mr. Johnson raised on appeal were (1) whether there was sufficient evidence to support his conviction of felony stalking, and (2) whether the district court responded properly to a question from the jury. *Kansas v. Johnson*, 416 P.3d 171 (Table), 2018 WL 1770487, *1 (Kan. App. April 13, 2018). The court makes no mention of an allegation that the victim lied on the witness stand. Hence, Mr. Johnson has not "fairly presented" the claim he raises here to the Kansas state courts.

Consequently, the Court directs Petitioner to show cause why, if the Court had subject matter jurisdiction, this action should not be summarily dismissed without prejudice for failure to exhaust his state remedies.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **September 9, 2019**, to show cause why this matter should not be dismissed for lack of subject matter jurisdiction and as barred by the exhaustion requirement. The failure to file a response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 9th day of August, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**